**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER TO ADVANCE SECURITY IN AMERICA, *Plaintiff*, v. UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, *Defendant*. | Civil Action No. 24-3505 (RDM) |

**MEMORANDUM OPINION AND ORDER**

The Freedom of Information Act ("FOIA") is "designed 'to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny.'" *U.S. Dep't of State v. Ray*, 502 U.S. 164 (1991) (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976)). Consistent with that purpose, FOIA requires expedition. Absent unusual or extraordinary circumstances, it requires agencies to "determine within 20 days . . . after receipt of [a FOIA] request whether to comply with the request," 5 U.S.C. § 552(a)(6)(A)(i), to resolve an administrative appeal within 20 days, *id.* § 552(a)(6)(A)(ii), and to "make the [requested] records promptly available" to the requester, *id.* §§ 552(a)(3)(A), 552(a)(6)(C). It permits a disappointed FOIA requester to bring suit without waiting for an administrative decision, if the agency fails to comply with statutory deadlines. *Id.* § 552(a)(6)(C). And it shortens the time that the government normally has to respond to a complaint filed in federal district court to 30 days. *Id.* § 552(a)(4)(C). In all of these ways, FOIA advances the "statutory goals [of] efficient, prompt, and full disclosure of information." *August v. FBI*, 328 F.3d 697, 699 (D.C. Cir. 2003)

(emphasis omitted) (quoting *Sen. of the Commonwealth of Puerto Rico v. U.S. Dep't of Justice*, 823 F.2d 574, 580 (D.C. Cir. 1987)).

Notwithstanding this statutory focus on expedition, Defendant U.S. Agency for International Development ("USAID") asks the Court to stay this case and to vacate the initial status hearing. Dkt. 6. According to USAID, this extraordinary relief is necessary "due to USAID's recent announcement about staffing." Dkt. 6 at 1. That announcement, which is posted on USAID's website, reads as follows:

> As of 11:59 p.m. EST on Sunday, February 23, 2025, all USAID direct hire personnel, with the exception of designated personnel responsible for mission-critical functions, core leadership and/or specially designated programs, will be placed on administrative leave globally.
>
> Concurrently, USAID is beginning to implement a Reduction-in-Force that will affect approximately 1,600 USAID personnel with duty stations in the United States.
>
> Individuals that are impacted will receive specific notifications on February 23, 2025, with further instructions and information about their benefits and rights.
>
> Designated essential personnel who are expected to continue working will be informed by Agency leadership February 23, 2025, by 5 p.m. EST.

Dkt. 6-1 at 1–2 (Colbow Decl. ¶ 3); *see also* U.S. Agency for International Development, https://www.usaid.gov/ (last visited March 11, 2025). According to Christopher Colbow, USAID's FOIA Public Liaison, "the number of remaining USAID personnel available to work on Freedom of Information Act . . . matters is extremely limited." *Id.* at 2 (Colbow Decl. ¶ 4). He estimates that "USAID's FOIA staffing has been reduced by half," with "all but three direct hire FOIA staff [] either [] terminated or placed on administrative leave" and "only nine institutional support contractors" to assist them. *Id.* According to Colbow, that reduction in staffing has "severely constrained" USAID's ability to process FOIA requests. *Id.*

2

Although USAID cites no authority in support of its request, the D.C. Circuit has recognized that FOIA permits exceptions to these time limits in "unusual" or "exceptional circumstances."  *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 609 (D.C. Cir. 1976) (citing 5 U.S.C. §§ 552(a)(6)(B) & (C)).  As relevant here, once a FOIA case is brought in federal district court, "the court may retain jurisdiction and allow the agency additional time to complete its review of the records," but only "[i]f the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request."  5 U.S.C. § 552(a)(6)(C)(i).  This exception provides a "safety valve" for when "the rigid limits" imposed by the statute "prove unworkable," and it applies "when an agency . . . is deluged with a volume of requests for information vastly in excess of that anticipated by Congress, when the existing resources are inadequate to deal with the volume of such requests within the time limits [imposed by the statute], and when the agency can show that it 'is exercising due diligence' in processing the requests."  *Open America*, 547 F.2d at 610, 617.  The safety valve is not available, however, for "delay[s] that results from a predictable agency workload of [FOIA] requests."  5 U.S.C. § 552(a)(6)(C)(ii).

In the present context, the Court is skeptical that an agency can avoid its obligations under FOIA—including the obligation to process a request in an efficient and prompt manner—by simply implementing a reduction-in-force that "either [] terminate[s] or place[s] on administrative leave" "all but three direct hire FOIA staff" and, more generally, by reducing the agency's overall FOIA staff "by half," Dkt. 6-1 at 2 (Colbow Decl. ¶ 4).  Here, moreover, the agency does not point to any external impediments to meeting the statutory requirements, such as a lack of funding from Congress or an unanticipated volume of requests that has overwhelmed the FOIA office.  *See Open America*, 547 F.2d at 610.  FOIA's demand for expedition—and,

3

indeed, more generally, FOIA's requirement that agencies release all non-exempt, responsive records—would be rendered meaningless if an agency could avoid these statutory obligations through the simple expedient of dismissing its FOIA staff.

Here, however, Plaintiff Center to Advance Security in America does not object to USAID's request for a stay. The Court will, accordingly, grant the stay—but only because it is unopposed. The Court cautions that this decision should not be understood to forecast how the Court is likely to resolve an opposed request for a stay under similar circumstances or a request by Plaintiff to lift the stay in this matter.

For these reasons, it is hereby:

**ORDERED** that Defendant USAID's consent motion to stay, Dkt. 6, is **GRANTED**; and it is further

**ORDERED** that this matter be **STAYED** pending further order of the court; and it is further

**ORDERED** that the Initial Status Conference set for March 12, 2025, is hereby **VACATED**; and it is further

**ORDERED** that the parties file a joint status report on or before May 2, 2025, to update the Court on the status of USAID's FOIA operations and proposed next steps in this case.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: March 11, 2025